Nicholas M. Pette, J.
In this consolidated article 78 proceeding respondent Associated Hospital Service of New York (hereafter: AHS):moves for an order authorizing it to make certain payments to Kew Gardens General Hospital (hereafter: KGGH), for hospital services rendered to AHS subscribers from July 1, 1963 to and including September 17, 1963 and for such other relief as may be just and proper in the premises and is requested in the moving affidavit.
It appears that the Appellate Division, Second Department .rendered a decision (Matter of Kew Gardens Sanitarium, v. Trussell, 20 A D 2d 717), wherein it is urged, that the disposition proposed and directed (subsequently complied with) and the premises on which it is founded are equally applicable to the instant consolidated proceeding, which admittedly involves the same issues of fact and law and the same interests therein.
The proceeding before the Appellate Division and the instant consolidated proceeding were instituted under article 78 of the Civil Practice Act and have as their common purpose the obtaining of a judicial determination that the petitioner Kew Gardens Sanitarium, Inc. (hereafter: “the hospital”) is entitled to a renewal of license;and a designation as an approved hospital, with the consequence that it is entitled to receive from AHS the contractual sums for services to AHS subscribers which would be due it as a licensed and approved hospital.
*777 The moving party, by the instant motion, is allegedly seeking from this court “ a like modus vivendi” promulgated by the Appellate Division as aforesaid in order that AHS, which movant states “is in the position of a stakeholder, may not be exposed to cross-hazards, and in order that there may be interim procedures in harmony with the basic ratio decidendi and finding of fact in that decision by the Appellate Division, to wit:”. “ The public interest requires that until this litigation is finally resolved, the status quo of the hospital shall remain unchanged.”
It appears that the State Attorney-General, in the aforesaid Trussell appeal, asked and was granted leave “to * * * file a brief and be heard upon the oral argument of the * * * appeal on behalf of the Department of Social Welfare and the Insurance Department * * * as amicus curice ” and that thereupon the Social Welfare and Insurance Departments submitted a brief “ amici curice ” in which on their behalf the Attorney-General said, in introduction to an argument on the merits of the appeal (p. 2): “ By order of this Court of October 21, 1963, leave was granted to the State Departments of Social Welfare and Insurance to intervene, file a brief and be heard upon the oral argument of the appeal herein. These state departments have a direct interest in this appeal since the determination thereof involves matters which come under their jurisdiction and have relevance in a related Article 78 proceeding now sub judice in the Supreme Court, Queens County (Herz, J.), brought by the same petitioners to compel the Commissioner of Social Welfare to ‘ redesignate ’ the Kew Gardens General Hospital as a participating member hospital of the Associated Hospital Service of New York, after his refusal so to do (see Ins. Law, § 254).”
The Attorney-General’s brief further stated (p. 3): “ We adopt and support all of the arguments advanced by the Corporation Counsel in behalf of the City’s appeal.”
The moving affidavit of the Assistant Attorney-General, verified September 27, 1963, submitted in support of the application to the Appellate Division to intervene contained the following pertinent paragraphs:
“ That the Department of Social Welfare and the Insurance Department of the State of New York have requested the Attorney-General to intervene on their behalf in the appeal now pending before this Court, since the determination of this lawsuit will involve matters which come under the jurisdiction of these departments.
*778 ‘ ‘ That on or about September 25, 1963, as a result of an order on motion to vacate a stay, a temporary license was issued to petitioner Alphonse Ziviello during the pendency of this appeal and thereafter the Commissioner of the Department of Social Welfare was requested by the petitioner to issue a redesignation of the Kew Gardens General Hospital and, upon refusal by the Commissioner of Social Welfare to issue such redesignation, the petitioners instituted a new action to force the Commissioner to make such redesignation.
1 ‘ That the Department of Social Welfare has thus been brought into the orbit of these proceedings and should be permitted to intervene in this appeal, since the Article 78 proceeding of September 25, 1963 involves the questions which will be argued in the instant appeal.
“ wherefore, it is respectfully prayed that the Attorney-General be permitted to appear upon this appeal, file a brief herein and be heard upon the oral argument thereof in behalf of the Department of Social Welfare and the Insurance Department.”
Respondent urges that the foregoing establish, by the assertions of the Social Welfare and Insurance Departments and the Attorney-General,! that the two proceedings under article 78 of the Civil Practice Act by Kew Gardens Sanitarium, the one against the City Commissioner of Hospitals and the other against the Commissioner of Social Welfare begun September 25, 1963, involve “ a common question of law or fact pending ” before the same court, within the meaning of 602 of the Civil Practice Law and Rules which applies to special proceedings as well as to actions.
The Social Welfare Department has opposed the relief sought by the petitioner^ in these consolidated article 78 proceedings on the same grounds as it urged before the Appellate Division in the Trussell proceeding.
The moving party now urges that, in the meantime, without the protection of a court order ad interim made without prejudice to the ultimate determination of the basic issues as between the hospital and the city and State departments, AHS is in the position of a, stakeholder confronted with conflicting contentions which, without judicial assistance, it cannot safely act upon and which, if unresolved in a practical manner, expose it to a very great hazard.
It appears that the amount involved in this motion is approximately $215,000 which AHS is presently holding for the account of the hospital as payable to the hospital for services rendered to AHS subscribers during the period from July 1, 1963 to mid including September 17, 1963. AHS is willing to make *779 payment but is advised by counsel that under present circumstances, where there has been no redesignation of the hospital by the Department of Social Welfare, AHS can safely do so only under authorization of the court.
It further appears that heretofore this court, on consent, made an order in the proceeding by the hospital against AHS directing payments by AHS to the hospital for the period from May 21, 1963 to and including June 30, 1963 and a subsequent order, after the aforesaid consolidation was effected, requiring the Social Welfare Department to redesignate the hospital for the period from September 18, 1963 until such time as the Appellate Division determined the appeal in the aforesaid Trussell proceeding. Both the hospital and the Social Welfare Department have appealed from this latter order and their appeals are now pending.
It also appears that the only period not covered by a court order at the present time is the period from July 1 to September 17,1963, inclusive, involving the aforesaid sum of approximately $215,000 held by the moving party, as aforesaid.
The reciprocal stipulations, pursuant to the decision of the Appellate Division of February 19, 1964, have been executed by the petitioners, Commissioner Trussell, and their respective attorneys.
The Appellate Division in the Trussell proceeding, dealing with exactly the same basic issues as are involved in the instant consolidated proceeding, with the purpose of assuring in the public interest the continuance of Kew Gardens General Hospital, conditioned its decision by the parties executing the aforesaid reciprocal stipulations resulting in the redesignation of the hospital and the issuance of a temporary license pending the final determination of said issues.
In the light of the foregoing, this court is of the opinion that in recognition of the modus vivendi established by the Appellate Division, as aforesaid, there appears to be no sound reason why AHS should not make payment at this time of the moneys due Kew Gardens General Hospital.
There is nothing in the papers before the court to indicate that the services rendered by the hospital to AHS subscribers were not in accordance with proscribed standards nor that they were not of the fair and reasonable value represented by the bills the hospital rendered to AHS. In fact AHS has expressed its willingness to pay the same and has not done so in order not to be exposed to cross-hazards.
To all intent and purposes the hospital has been redesignated and is operating under a temporary license and, therefore, is *780 qualified to receive payment for the services rendered to AHS subscribers.
Implicit in the Appellate Division’s ruling, the hospital may now and is functioning as heretofore and is entitled to compensation for services it may furnish. Were it otherwise, the appellate court certainly would not have granted the hospital the relief it did with the intention that it should not be compensated for services rendered while operating ■ under said temporary license. Any inference to the contrary would be in contravention ¡of the equitable principle- against unjust enrichment.
A fortiori, in the light of the foregoing, the inference is both logical and inescapable that the hospital should receive payment from AH'S for all the services it rendered to the latter’s subscribers during the period from July 1, 1963 to and including September 17, 1963 regardless of the undetermined issues of whether it was properly licensed as a hospital and designated as a participating hospital or not at the time such services were rendered. AHS is not seeking to be unjustly enriched, and nothing appears to the contrary, so that the court assumes that AH'S recognizes that the moneys it holds are justly due to Kew Gardens General Hospital.
The court takes judicial notice of the plight of many hospitals which are met with increased operating costs to such an extent that their facilities may be affected. Withholding of the subject payment, pending the ultimate determination by the Appellate Division of the basic issues involved in this litigation, may well impede the operating efficiency of the hospital and possibly could lead to a discontinuance of its services to the public. Such a result would not be in furtherance of the Appellate Division’s salutary decision that: “The public interest requires that until this litigation is finally resolved, the status quo of the hospital shall remain unchanged.”
- There has been no showing that the Departments of Social Welfare and Insurance or the Department of Hospitals of the City of New York can sustain any possible monetary prejudice by AHS’ making this ad interim payment to the Kew Gardens General Hospital.
In view of the foregoing, the court does not pass upon the basic issues involved in this consolidated proceeding and it grants the motion of the respondent AHS, without prejudice to said issues, which; are now awaiting the determination by the Appellate Division in the Trussell proceeding. Respondent Associated Hospital Service’s motion is in all respects granted.